No. 125          February 19, 2026          349

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. S. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

R. S. S.,
*Appellant.*

Josephine County Circuit Court
24CC07455; A186345

Pat Wolke, Judge.

Submitted January 6, 2026.

Liza Langford filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023).[1] Specifically, appellant was found to be a danger to self and unable to meet her basic needs as a result of a mental disorder. ORS 426.005(1)(f)(A), (B) (2023). In two assignments of error, appellant argues there was insufficient evidence that she was a danger to herself and unable to provide for her basic needs. Because there was sufficient evidence that appellant was a danger to herself, we affirm.[2]

To meet the legal standard for a civil commitment based on danger to self, the state must prove that a person has a mental disorder that "would cause him or her to engage in behavior that is likely to result in physical harm to himself or herself in the near term." *State v. M. T.,* 308 Or App 448, 452, 479 P3d 541 (2021) (internal quotation marks omitted). "The threat of physical harm must be serious—that is, it must be life-threatening or involve some inherently dangerous activity." *Id.* (internal quotation marks omitted). It must "be more than speculative"—that is, "the evidence of such a threat must be particularized, demonstrating a highly probable risk of harm in the near future." *Id.* (internal quotation marks omitted). The danger also must be caused by the mental disorder, not merely coincide with it. *State v. S. G.*, 338 Or App 6, 15-16, 565 P3d 49 (2025).

The trial court found that standard to be met here. On review, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable

---

[1] New civil commitment standards became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the older version of the statutes, so the new standards are not at issue in this case.

[2] Given our determination that there was sufficient evidence that appellant was a danger to herself, we do not address her second assignment of error in which she argues there was insufficient evidence she was unable to meet her basic needs. *See State v. K. J. B*., 282 Or App 862, 869-70, 387 P3d 467 (2016), *aff'd*, 362 Or 777, 416 P3d 291 (2018) (adopting the same approach).

inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). Whether it was legally sufficient is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to herself * * * as a result of a mental disorder." *State v. A. M. W.*, 340 Or App 473, 474, 572 P3d 343 (2025) (internal quotation marks omitted).

Having reviewed the record and considered the parties' arguments, we conclude that the evidence was legally sufficient for civil commitment based on the trial court's determination that appellant's mental disorder made her a danger to herself. Appellant suffers from bipolar disorder, and she was hospitalized after she stopped taking her medication and experienced a manic episode that involved walking in the middle of traffic and "screaming about dead bodies." At the hospital, appellant was combative, agitated, and delusional, and she had to be placed in seclusion and restraints multiple times. She frequently removed her clothes and would not eat for three and a half days. Appellant wrote on the walls and windows with feces, she ingested feces, and she refused to take prescribed antibiotics to treat a urinary tract infection. Although appellant had taken medication to treat her bipolar disorder on the day of the hearing, she refused to do so the day before, and there was evidence to support the trial court's determination that she would not take her medication if released. There was also testimony that if appellant was released, she would experience a rapid decompensation of her symptoms. We conclude the evidence was sufficient for the court to determine that it was highly probable that appellant was a danger to herself as a result of her mental disorder.

Affirmed.